# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JESSE R. MOORE,

          Appellant,

          v.

UNITED STATES POSTAL SERVICE,

          Agency.

DOCKET NUMBER
DA-3330-15-0356-I-1

DATE: January 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathan R. Braziel, Houston, Texas, for the appellant.

Steven E. Coney, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act (VEOA) appeal for lack of jurisdiction. Although we DENY the appellant's petition for review, we MODIFY the initial decision for the reasons set forth below and DENY the appellant's request for corrective action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2        The appellant, a Maintenance Mechanic, filed an appeal in which he alleged that the agency involuntarily assigned him to a lower-level position in violation of his rights as a preference eligible.  Initial Appeal File (IAF), Tab 2 at 3.  He indicated that he had filed a complaint with the Department of Labor (DOL) and had been notified that the complaint could not be resolved.  *Id.* at 4.  With his appeal, the appellant submitted a copy of DOL's closure letter stating that it had completed its investigation of his complaint, determining that the evidence did not support a violation of veterans' preference and advising him of his right to file an appeal with the Board.  *Id.* at 6.

¶3        The administrative judge issued a thorough Order on VEOA Jurisdiction and Notice of Proof Requirements explaining that, to establish VEOA jurisdiction over an appeal concerning a complaint filed under 5 U.S.C. § 3330a(a)(1)(A), the appellant must:  (1) establish that he exhausted his DOL remedy; and (2) make nonfrivolous allegations that (i) he is a preference eligible, (ii) the actions at issue occurred on or after October 30, 1998, the enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation related to veterans' preference.  IAF, Tab 7 at 2.

¶4        In his response, the appellant submitted a number of documents he had received from the agency.  IAF, Tab 9.  Specifically, he submitted a March 3, 2015 letter stating that he had previously been advised that he was to be involuntarily reassigned within his craft outside his installation or outside his craft, outside his installation; that certain residual vacancies had been withheld to place him and other impacted employees; that, if he chose to take a position outside the Maintenance craft, his seniority would be established in the gaining craft; that he could request a residual clerk detail position at a different center; that, if he had been identified as a preference eligible, he had certain legal rights; that he would be offered a placement opportunity in his present pay level, or, if he was excessed to a withheld residual duty assignment, he would be placed in an equivalent pay level; that he was not required to select a duty assignment in a

lower pay level; and that he would not be placed involuntarily in a duty assignment in a lower pay level. The appellant was instructed to indicate his preference. *Id.* at 11. In a March 20, 2015 letter, the agency advised him that he had been identified as a preference eligible; that he had not responded to the previous letter; that he would become excessed to the needs of the installation and would be involuntarily reassigned without his seniority to another station as a City Carrier, a position that was "equitable" to his current position and pay; and that he would have "Saved Grade Pay." *Id.* at 13. An April 10, 2015 letter advised the appellant that, because he had not responded, he would be involuntarily reassigned without his seniority as a City Carrier, a position deemed to be equitable to his current positon and pay. *Id.* at 15.

¶5        In her initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 2, 6. She found that the appellant's claim that the agency proposed to move him to a lower-level positon was no more than a conclusory and unsupported allegation and not enough to meet the standard of a nonfrivolous allegation. ID at 5.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶7        The appellant showed that he exhausted his remedy with DOL. IAF, Tab 2 at 6. In addition, he nonfrivolously alleged that he is a preference eligible, *id.* at 1, and that the action at issue occurred after October 30, 1998, *id.* at 3. In considering whether the appellant nonfrivolously alleged that the agency violated his rights under a statute or regulation related to veterans' preference, the Board has held that allegations of a veterans' preference violation are to be liberally construed, and that an allegation, in general terms, that veterans' preference rights were violated is sufficient to meet the requirement of a nonfrivolous allegation to establish Board jurisdiction over an appeal brought under VEOA. *Jones v. Department of Veterans Affairs*, 113 M.S.P.R. 385, ¶ 9 (2010). Here, the

appellant claimed that the agency violated an unspecified law relating to veterans' preference by involuntarily moving him to a lower-level position, despite his status as a preference eligible.  We find, therefore, that he nonfrivolously alleged that the agency violated his rights under a statute or regulation related to veterans' preference, *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 7 (2008), and that, contrary to the initial decision, the Board has jurisdiction over this appeal.[2]

¶8     To prevail on his claim, however, the appellant must prove the same jurisdictional elements by a preponderance of the evidence.  Although the record supports a finding that the appellant is a preference eligible, IAF, Tab 5 at 21, he has not shown that the action which he refers to occurred.  On the contrary, record evidence shows that, while the agency did express its intention to take an action against the appellant, it then determined not to do so.  *Id.* at 16 ("you will not be awarded the position as described below [City Carrier], you will continue to report . . . in your current schedule . . . .").  The appellant has failed to show that the agency, in fact, involuntarily moved him to a lower-level position, and he therefore has not established a violation of his rights under VEOA.  Accordingly, we deny his request for corrective action.[3]

---

[2] The appellant requested a hearing before the Board.  IAF, Tab 2 at 2.  However, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, where, as here, there is no genuine dispute of material fact, and one party must prevail as a matter of law.  *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶¶ 8, 11 (2007).

[3] On review, the appellant suggests that, by its action, the agency violated an unspecified collective bargaining agreement provision of the "preferred veterans."  PFR File, Tab 1 at 3.  VEOA does not provide a basis for the Board to review alleged violations of rights under a collective bargaining agreement.  *Buckheit v. U.S. Postal Service*, 107 M.S.P.R. 52, ¶ 14 (2007).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.